[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-11105

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 03-02300 CV-T-27-MAP & 02-00179-CR-T-2

FRANCISCO GOMEZ-DIAZ,
a.k.a. Jose Gomer,
a.k.a. Joe Robert Torres,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

**Appeal from the United States District Court
for the Middle District of Florida**

_____

**(December 20, 2005)**

**Before BLACK, WILSON and COX, Circuit Judges.**

**COX, Circuit Judge:**

Francisco Gomez-Diaz ("Petitioner") filed a timely 28 U.S.C. § 2255 motion

challenging his conviction and sentence on federal offenses. He alleged, among other

things, that counsel appointed to represent him failed to file a notice of appeal as he requested.

It is well-settled that a lawyer who disregards instructions from his client to appeal has acted "in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000). Prejudice is presumed. *Id*. at 483, 120 S. Ct. at 1035. The issue on this appeal is whether that general rule applies in a case where the defendant signed, as part of his plea agreement, a limited waiver of his right to appeal his sentence. We hold that it does.

## I. Procedural History

Petitioner was convicted, following his guilty plea, of conspiracy to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II), as well as unlawful reentry into the United States after being deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). His plea agreement included the following provision waiving appellate rights:

> [T]he defendant . . . expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety value" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines.

2

(Ex. 32 at 13.)

Petitioner was sentenced to 188 months' imprisonment and four years of supervised release. The court informed him that he had ten days to appeal his sentence to the extent permitted by his plea agreement. No notice of appeal was filed.

Petitioner filed this timely 28 U.S.C. § 2255 motion challenging his conviction and sentence. The district court found the attack on his conviction meritless, and that finding is not challenged on this appeal.

Petitioner's pro se § 2255 motion and accompanying memorandum claim that he was denied his Sixth Amendment right to the effective assistance of counsel because his lawyer, though asked to appeal, failed to perfect an appeal. The district court dismissed the motion without conducting an evidentiary hearing because Petitioner failed to identify any ground for appeal that fell within the exceptions to his appeal waiver. Petitioner appeals, and we have appointed counsel for him on appeal.

## II. Issues on Appeal and Standard of Review

This court granted Petitioner's motion for a certificate of appealability on the following issue only: "Whether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so." (R.1-13.)

This issue presents two subsidiary questions. First, we must decide whether Petitioner's § 2255 motion states a claim that entitles him to an evidentiary hearing. If we conclude that it does, we must then decide whether Petitioner's limited appeal waiver precludes the grant of relief unless he can show that he has meritorious grounds for appeal.

We review de novo a district court's legal conclusions in a 28 U.S.C. § 2255 proceeding. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *McCarthy v. United States*, 320 F.3d 1230, 1231-32 (11th Cir. 2003). On the merits, whether counsel is ineffective is a mixed question of law and fact that we review de novo. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

### III. Discussion

In Part A of this discussion, we consider whether Petitioner is entitled to an evidentiary hearing on his claim. In Part B, we consider whether the limited appeal waiver bars relief.

### A.

Petitioner contends that he was denied the effective assistance of counsel on appeal when his lawyer failed to comply with his specific request to file a notice of appeal in his criminal case. Alternatively, Petitioner argues that, if this court finds insufficient evidence that the Petitioner specifically instructed his lawyer to file a

4

notice of appeal, the question becomes whether his lawyer failed to fulfill the constitutionally-imposed duty to consult with him about appeal, and whether Petitioner can show a reasonable probability that, but for the lawyer's deficient consultation, he would have timely appealed. The Government contends that Petitioner's motion and the memorandum that accompanies it acknowledge that counsel talked with Petitioner about an appeal and recommended against it. And, the Government contends, Petitioner did not allege that he expressly instructed his lawyer to appeal after his lawyer recommended against it. Thus, the Government says, Petitioner has not shown that he was prejudiced by his lawyer's actions or inactions.

These initial contentions need not detain us long because we are construing the pleadings of a pro se petitioner, and we must construe them liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). So construed, they allege that counsel was asked to appeal, but failed to do so.[1] Indeed, the district court construed Petitioner's filings to allege that he explicitly asked his attorney to appeal. (R.1-6 at 4.) The district court noted, "[P]etitioner alleges he informed counsel that he wanted to appeal his sentence" and "his counsel told him that he did not feel an appeal was

---

[1] The memorandum accompanying Petitioner's motion, which was explicitly incorporated in the motion by reference, alleges that "counsel deprived Petitioner of his Fifth and Sixth Amendment constitutional rights to appeal, effective assistance of counsel, and due process of law, when failing to file a timely notice of appeal, and failing to perfect the requested appeal." (R.1-2 at 7.)

5

the best course and suggested he file a section 2255 motion." (R.1-5 at 9.) Petitioner's filings, the Government suggests, affirmatively show that counsel consulted Petitioner about appeal, and that Petitioner acquiesced in counsel's advice that appeal was not the best course. To accept the Government's suggestion, we would have to construe Petitioner's pleadings narrowly to conclude first, that counsel adequately consulted Petitioner about appeal and second, that Petitioner acquiesced in counsel's advice not to appeal. We decline to so construe Petitioner's filings.

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Court established a two-prong test for deciding whether a defendant has received ineffective assistance of counsel. The defendant must show (1) that counsel's performance failed to meet "an objective standard of reasonableness," *id.* at 688, 104 S. Ct. at 2064; and (2) that the defendant's rights were prejudiced as a result of the attorney's substandard performance. *Id.* at 693, 104 S. Ct. at 2067. In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), the Court applied the *Strickland* test to a claim involving an attorney's failure to file an appeal for a client.

The Court first reaffirmed the well-settled rule that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se. *Id.* at 477, 120 S. Ct. at 1035 (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S. Ct. 1715 (1969)). The Court went on to hold that,

6

even if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes.  *Id.* at 478, 120 S. Ct. at 1035.  If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case.  *Id.*  If not, the court must further inquire whether the attorney had the affirmative duty to consult. *Id.*  An attorney has this duty when either (1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing. *Id.* at 480, 120 S. Ct. at 1036.

As to the second prong of the *Strickland* test, the *Flores-Ortega* Court held that the failure to file an appeal that the defendant wanted filed denies the defendant his constitutional right to counsel at a critical stage.  *Id.* at 483, 120 S. Ct. at 1038.  In such cases, prejudice is presumed because rather than being denied the opportunity for a fair proceeding, the defendant is denied the opportunity for a proceeding at all. *Id.* (citing *Smith v. Robbins*, 528 U.S. 259, 286, 120 S. Ct. 746, 765 (2000); *Penson v. Ohio*, 488 U.S. 75, 88-89, 109 S. Ct. 346, 354 (1988); *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984)).  Accordingly, to satisfy the prejudice prong of the *Strickland* test, a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's

deficient performance, he would have appealed. *Flores-Ortega*, 528 U.S. at 484, 120 S. Ct. 1038.

The pleadings in this case allege that Petitioner made an initial request of his attorney to file an appeal. They also allege that his attorney then responded that an appeal was not his best option, recommending a § 2255 motion instead.

The pleadings are insufficient to indicate whether Petitioner's first expression to his attorney of his desire to appeal triggered the per se duty to appeal outlined in *Flores-Ortega*. *See id.* at 477, 120 S. Ct. at 1035. It is also unclear from the pleadings whether, if this statement was not sufficient to trigger the per se duty, the attorney actually consulted with Petitioner regarding the propriety of an appeal, rather than simply expressing his disagreement and making Petitioner's decision for him. However, if the allegations in the pleadings are true, the attorney had the affirmative duty to consult with Petitioner and to try to determine his wishes. Even assuming that a rational defendant would not have wanted to appeal the case, Petitioner alleges that he expressly communicated to his attorney his desire to appeal. In such circumstances, *Flores-Ortega* mandates that the attorney conduct a specific type of consultation, informing his client about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes. *Id.* at 487,

8

120 S. Ct. at 1040. The district court erred in declining to hold an evidentiary hearing to establish the content of the communications between Petitioner and his attorney.

On remand, the district court is instructed to determine (1) whether Petitioner's initial statement of his desire to appeal was sufficient to trigger the per se duty to appeal outlined in *Flores-Ortega*; and (2) if not, whether Petitioner's attorney fulfilled his constitutional duty to consult with his client and to make a reasonable effort to determine Petitioner's wishes, and whether he acted in accordance with those wishes.

B.

Petitioner contends that the district court erred in holding that the limited appeal waiver that he signed bars any right he would otherwise have to an out-of-time appeal as a remedy in this case. As we have noted, the district court's order dismissing the motion without an evidentiary hearing is grounded on the holding that the limited appeal waiver bars relief. Petitioner, the court said, "has not identified the appellate issues he wished to have raised on direct appeal." (R.1-5 at 11.) Petitioner contends that he had no obligation to demonstrate that there were arguably meritorious grounds for appeal that fell within the exceptions in the appeal waiver. In the district court, the Government argued that the limited appeal waiver barred relief in this case because Petitioner had not identified any non-frivolous grounds for

appeal that fell within the exceptions in the appeal waiver. It is not clear that the Government makes this argument on appeal. Construing its briefs liberally, however, we will assume that it does.

If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver.

The district court concluded, based on the mere existence of Petitioner's appeal waiver, that counsel could not have rendered professionally unreasonable performance by his inaction. (R.1-6 at 5.) The court assumed that, in light of the waiver, any appeal filed on behalf of Petitioner would have been futile. (R.1-6 at 5.) The court also agreed with the Government that Petitioner, as part of his § 2255 motion, was required to specify grounds for his appeal that would fit one of the exceptions to his appeal waiver. (R.1-6 at 5 n.5.) Supreme Court precedent suggests that Petitioner had no such duty. *Flores-Ortega*, 528 U.S. at 486, 120 S. Ct. at 1040. ("We similarly conclude here that it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit . . . .

Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.") (emphasis in original).

The reasoning in *Flores-Ortega* applies with equal force where, as here, the defendant has waived many, but not all, of his appellate rights. The Tenth Circuit has recently considered a case nearly identical to this one and has drawn the same conclusions. *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). In *Garrett*, the defendant executed a waiver of his rights to appeal or collaterally attack his sentence, except in two limited cases: (1) if the court were to issue an upward departure, or (2) if the Supreme Court or the Tenth Circuit were to decide a case bearing on his sentence and make it apply retroactively. *Id.* at 1264 n.2. The record in *Garrett* appears to have been remarkably similar to that in the case before us, in that it was unclear whether the defendant had clearly asked his attorney to appeal his sentence. *Id.* at 1266.[2] The court held that, since the defendant had not waived *all* of his appellate rights, if the evidence showed that he had asked his attorney to appeal, he would be entitled to an out-of-time appeal. *Id.* at 1266-67. The court then remanded for an evidentiary hearing to determine what the defendant told his attorney. *Id.* at 1267.

---

[2]The only factual difference between *Garrett* and this case is that in *Garrett*, it was clear that the attorney had actually consulted with his client. Only what was said was unclear.

We agree with the Tenth Circuit's application of *Flores-Ortega* to cases involving appeal waivers. Accordingly, we vacate the judgment of the district court and remand for an evidentiary hearing.

## VI. Conclusion

The judgment dismissing this § 2255 motion is VACATED, and the action is REMANDED to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.