**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6256**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNIE EMBREE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, Chief District Judge.  (CR-01-2; CA-03-445-7)

Submitted:  January 31, 2006          Decided:  March 1, 2006

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Ernie Embree, Appellant Pro Se.  Randy Ramseyer, United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ernie Embree appeals from the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We previously granted a certificate of appealability as to Embree's claim that his attorney provided ineffective assistance with respect to filing a notice of appeal.[*] After receiving additional briefing on this issue, we now vacate the district court's order and remand for further proceedings.

Embree asserted that he attempted to contact counsel about an appeal but was unable to do so. Counsel responded that Embree never contacted him concerning an appeal. The district court denied the § 2255 motion, relying on Embree's waiver in his plea agreement of the right to file a § 2255 motion. The court also denied relief on the merits, finding that Embree failed to show that counsel's performance was deficient under Strickland v. Washington, 466 U.S. 668, 688-89, 694 (1984), because he did not state that he wanted to appeal and did not inform counsel of this desire.

We have recently upheld the validity in a plea agreement of the waiver of collateral review, applying the same reasoning and standards as are applied to waivers of the right to appeal. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The court

_____

[*]We denied a certificate of appealability and dismissed Embree's appeal as to his remaining issues.

- 2 -

in Lemaster specifically noted that Lemaster did not assert any of the recognized exceptions to appeal waivers, but opined that the same exceptions would apply to waivers of collateral review. Id. at 220 n.2.

Here, Embree has asserted that counsel's "deficiency deprived [him] of the appellate proceeding altogether." Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000). This claim is analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), where we held that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings. Applying this exception to the waiver, we conclude that Embree's waiver of his right to collaterally attack his sentence, coupled with his express reservation of the right to file a direct appeal, does not bar his claim that his attorney failed to consult him concerning an appeal. See United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005) (strictly construing language of waiver to not preclude claim of counsel's ineffectiveness for failing to note appeal); United States v. Gomez-Diaz, ____ F.3d ____, 2005 WL 3465538 (11th Cir. 2005) (holding that waiver did not preclude claim that counsel failed to consult regarding appeal).

An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. Flores-Ortega, 528 U.S. at 477. When, however, a client does not clearly

convey his wishes about an appeal to counsel, the determination as to whether counsel has been ineffective by failing to appeal depends upon "whether counsel in fact consulted with the defendant about an appeal." Id. at 478. Where, as here, the claim is that counsel has not consulted with his client, the court must then determine whether the failure to consult itself constitutes deficient performance. Id. If the court concludes that counsel's failure to consult amounted to deficient performance, the defendant also "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

In the instant case, Embree states that he attempted to, but was unable to contact counsel about an appeal. The district court denied relief, reasoning that Embree never asked counsel to note an appeal. However, the district court did not consider whether, in this case, counsel had a "constitutionally imposed duty to consult" with Embree about an appeal, and if so, whether there is a reasonable probability that Embree would have timely appealed, but for counsel's failure to so consult. Id. at 480, 484.

Because the district court did not apply this standard, we vacate the district court's opinion as to this issue and remand to the district court for a consideration of whether counsel's failure to consult with Embree about an appeal amounted to ineffective assistance. We deny Embree's motion for appointment of

counsel on appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>