[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16582
Non-Argument Calendar

_____

D. C. Docket Nos.
04-01728-CV-T-17-EAJ
03-00082-CR-T-1

EDUARDO ROSERO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Federal prisoner Eduardo Rosero, proceeding pro se, appeals the district court's denial of his § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability ("COA") on the issue of whether the district court erred by finding that appellant had waived his claim that counsel was ineffective for failing to file a direct appeal. The government concedes the error and requests that we remand for the district court to hold an evidentiary hearing on this issue. We agree that the district court erred in concluding that Rosero waived his claim, and we accordingly VACATE the district court's denial of Rosero's § 2255 motion and REMAND for the district court to determine whether Rosero's counsel denied him effective assistance of counsel.

## I. BACKGROUND

The instant § 2255 motion stems from Rosero's guilty plea to one count of conspiring to possess with the intent to distribute five grams or more of cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903 and 21 U.S.C. § 960(b)(1)(B)(ii). R1-1. The district court imposed a sentence of 210 months of imprisonment. In addition, Rosero's written plea agreement contained a sentence appeal waiver, which provided, in relevant part, as follows:

> The defendant . . . expressly waives the right to appeal
> defendant's sentence, directly or collaterally, on any

2

ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines[.]

Exh. Folder 1-53 at 12.

In his § 2255 motion, Rosero raised several claims, including that his counsel was ineffective for failing to file a direct appeal of his sentence.[1] Rosero indicated that none of the claims mentioned in his § 2255 motion were raised "prior hereto based on the advi[c]e" of his counsel. R1-1 at 4.

The government responded that Rosero waived his right to appeal his sentence, either directly or collaterally, on all of the grounds raised in his motion. Specifically, with regard to Rosero's ineffective assistance of counsel claim, the government responded that this claim was waived because it did not relate to the validity of the plea or the waiver itself. In reply, Rosero argued, inter alia, that aside from the exceptions set forth in the plea agreement itself, he could collaterally attack his sentence on constitutional grounds in accordance with the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct.

---

[1]The district court initially denied Rosero's § 2255 motion as time-barred. Rosero subsequently filed a motion to alter or amend judgment. The district court granted Rosero's motion to alter or amend judgment and reopened the case so that it could address the merits of the claims in his § 2255 motion to vacate.

2348 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).

The district court denied Rosero's § 2255 motion. In its order denying the motion, the district court addressed the sequence of events at Rosero's change of plea hearing, noting that

> the United States Magistrate Judge reviewed with Rosero the waiver of his right to appeal, directly or collaterally his sentence, and asked whether he had discussed this waiver with his lawyer and if he had any questions about it. Rosero responded affirmatively. The Court also asked if he were agreeing to that provision freely and voluntarily as part of his plea and he said "Yes."

R1-11 at 2 (citations omitted). In denying the motion, the district court found that Rosero had waived his ineffective-assistance-of-counsel claim pursuant to the sentence appeal waiver in the plea agreement. The district court also denied Rosero's § 2255 motion with respect to all of the other claims, none of which are relevant to this appeal.

Rosero then filed a notice of appeal. We granted a COA on the following issue only: "[w]hether the district court erred by finding that appellant had waived his claim that counsel was ineffective for failing to file a direct appeal?" R1-17.

## II. DISCUSSION

The government concedes that, pursuant to our decision in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the district court erred by finding that

4

Rosero had waived his claim that his counsel was ineffective for failing to file a direct appeal. The government acknowledges that we should remand for the district court to conduct an evidentiary hearing to establish the content of communications between Rosero and his counsel so that the district court may determine whether counsel complied with his constitutional duties pursuant to Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000).[2]

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed de novo and its factual findings are reviewed for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Whether a defendant ultimately has received ineffective assistance of counsel is a mixed question of fact and law reviewed de novo. Mincey v. Head, 206 F.3d 1106, 1142 (11th Cir. 2000).

In Strickland v. Washington, the Supreme Court established a two-prong test

---

[2]The government notes that Rosero fails to discuss Flores-Ortega and Gomez-Diaz, and contends that Rosero's brief instead discusses the merits of several different arguments that hypothetically could have been raised on appeal. The government asserts that these arguments should not be considered and that Rosero has failed to address the narrow question that we have certified for review. While Rosero does not discuss Flores-Ortega and Gomez-Diaz, he has maintained that his counsel was constitutionally ineffective for not filing a direct appeal despite the sentence appeal waiver in the plea agreement. Rather than asserting the merits of specific arguments, it appears that Rosero cites particular examples of what his counsel could have argued if a direct appeal was filed. As we construe pro se arguments liberally, Rosero has addressed the issue specified in the COA. See Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002) (per curiam) (noting that courts construe pro se pleadings liberally).

for adjudicating ineffective assistance of counsel claims. 466 U.S. 668, 104 S. Ct. 2052 (1984). First, a "movant must show that counsel's performance was deficient." Id. at 687, 104 S. Ct. at 2064. The proper measure of attorney performance is "reasonableness under prevailing professional norms." Id. at 688, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance" and to have exercised reasonable professional judgment. Id. at 690, 104 S. Ct. at 2066. Second, a movant "must show that the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. To prove prejudice, a movant must show "that there is a reasonable probability" that the outcome "would have been different" but for counsel's unprofessional errors. Id. at 694, 104 S. Ct. at 2068.

In Flores-Ortega, the Supreme Court applied the test set forth in Strickland and reiterated the long-established rule "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 474-77, 120 S. Ct. at 1035. The Supreme Court further held that, even when a defendant has not specifically instructed his counsel to file an appeal, in order to determine whether counsel performed deficiently, a court must inquire "whether counsel in fact consulted with the defendant about an appeal." Id. at 478, 120 S. Ct. at 1035. "If so, the attorney

6

has only acted unreasonably if he has ignored the client's wishes to appeal the case . . . . If not, the court must further inquire whether the attorney had an affirmative duty to consult." Gomez-Diaz, 433 F.3d at 792 (citing Flores-Ortega, 528 U.S. at 478, 120 S. Ct. at 1035). This duty to consult arises when either: "(1) any rational defendant would want to appeal, or (2) [the defendant] reasonably demonstrated an interest in appealing." Id. (citing Flores-Ortega, 528 U.S. at 480, 120 S. Ct. at 1036). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484, 120 S. Ct. at 1038.

In Gomez-Diaz, we were presented with a case factually and procedurally similar to the instant appeal. In that case, Gomez-Diaz pled guilty pursuant to a written plea agreement containing a sentence appeal waiver identical to the waiver in the instant case. 433 F.3d at 789-90. Gomez-Diaz did not file a direct appeal. Id. 433 F.3d at 790. He filed a § 2255 motion, wherein he alleged, inter alia, that his court-appointed counsel failed to file a notice of appeal as he requested. Id. The district court denied the § 2255 motion, without an evidentiary hearing, on the basis that Gomez-Diaz failed to identify any ground for appeal falling within the exceptions listed in the sentence appeal waiver. Id. at 790. We

7

granted a certificate of appealability to address the question of "[w]hether [Gomez-Diaz] was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so." Id. In addressing this issue, we also addressed two subsidiary questions: (1) "whether [Gomez-Diaz's] § 2255 motion states a claim that entitles him to an evidentiary hearing"; and (2) if yes, "whether [Gomez-Diaz's] limited appeal waiver precludes the grant of relief unless he can show that he has meritorious grounds for appeal." Id.

After examining the analytical framework set forth in the Supreme Court's decisions in Strickland and Flores-Ortega, we held that Gomez-Diaz did in fact state a claim sufficient to entitle him to an evidentiary hearing in the district court. Id. at 791-93. Construing Gomez-Diaz's pleadings liberally, we remanded the case to the district court with instructions to conduct an evidentiary hearing to determine whether Gomez-Diaz's initial statements were sufficient to trigger a per se duty to appeal, and if not, whether counsel fulfilled his constitutional duty to consult with Gomez-Diaz regarding his desire to appeal. Id. We also held that the reasoning of Flores-Ortega applied "with equal force" when "the defendant has waived many, but not all, of his appellate rights." Id. at 793.

Here, as in Gomez-Diaz, the district court erred by concluding that Rosero

8

had waived his ineffective assistance of counsel claim. In denying Rosero's ineffective assistance of counsel claim asserted in his § 2255 motion, the district court found that the claim was barred because it did not relate to the validity of the plea or the waiver itself. As conceded by the government, the district court erred in making this finding in light of the reasoning set forth in Gomez-Diaz. The record in this case is insufficient to determine whether Rosero actually requested that his attorney file an appeal. The record shows that the district court did not address this issue. The inquiry as to whether Rosero actually requested counsel to file an appeal, which has not taken place in this case, is an essential first step in the analysis under Flores-Ortega and Gomez-Diaz.

### III. CONCLUSION

We vacate and remand to the district court to conduct an evidentiary hearing into: (1) whether Rosero, in fact, requested counsel to file a direct appeal to trigger the per se duty to appeal set forth in Flores-Ortega; and (2) if not, whether counsel fulfilled his constitutional duty to consult with Rosero by advising Rosero of the advantages and disadvantages of filing an appeal and making a reasonable effort to comply with Rosero's wishes.

**VACATED AND REMANDED.**