[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15729
Non-Argument Calendar
_____

D. C. Docket Nos. 04-01918-CV-T-30-TGW
03-00124-CR-T-3

SERIJO MIQUEL,
a.k.a. Luis Montenegro,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 13, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Federal prisoner Serijo Miquel, through counsel, appeals the district court's order denying his § 2255 motion to vacate his sentence. We granted a certificate of appealability on the following issue only: "[w]hether the district court erred in failing to hold an evidentiary hearing on [Miquel]'s claim that he received ineffective assistance of counsel based on his attorney's failure to file a notice of appeal, in light of this Court's decision in *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005)?" While acknowledging the fact that he entered into a written plea agreement with a sentence appeal waiver that waived some but not all of his appellate rights, Miquel argues that counsel was constitutionally ineffective because he failed to file a direct appeal as requested.

The government concedes that, pursuant to our decision in *Gomez-Diaz*, the district court erred by finding that Miquel had waived his claim that his counsel was ineffective for failing to file a direct appeal. The government acknowledges that we should remand this case for the district court to conduct an evidentiary hearing to establish whether Miquel's trial counsel had a duty to file a notice of appeal from the final judgment in the district court, pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000).

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed *de novo* and its factual findings are reviewed for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a defendant

2

ultimately has received ineffective assistance of counsel is a mixed question of fact and law reviewed *de novo*. *Mincey v. Head*, 206 F.3d 1106, 1142 (11th Cir. 2000).

The legal standard governing the disposition of ineffective assistance of counsel claims is derived from the benchmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). In *Strickland*, the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims. A movant must show that counsel's performance was deficient and that this deficiency prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064.

In *Flores-Ortega*, the Supreme Court applied the test set forth in *Strickland* and reiterated the long-established rule that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. 528 U.S. at 476-77, 120 S. Ct. at 1034-35. The Supreme Court further held that, even when a defendant has not specifically instructed his counsel to file an appeal, in order to determine whether counsel performed deficiently, a court must inquire whether counsel in fact consulted with the defendant about an appeal. *Id.* at 478, 120 S. Ct. at 1035. "If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case. If not, the court must further inquire whether the attorney had an affirmative duty to consult." *Gomez-Diaz*, 433 F.3d at 792 (citing *Flores-Ortega*, 528 U.S. at 478, 120 S. Ct. at 1035). This duty to consult arises when either: (1) any rational

3

defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. *Id.* (citing *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036). "[T]o show prejudice under these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484, 120 S. Ct. at 1038.

In *Gomez-Diaz*, we were presented with a case factually and procedurally similar to the instant appeal. In that case, *Gomez-Diaz* pled guilty pursuant to a written plea agreement containing a sentence appeal waiver identical to the waiver in the instant case. 433 F.3d at 790. Gomez-Diaz did not file a direct appeal. *Id.* He filed a § 2255 motion, wherein he alleged, *inter alia*, that his court-appointed counsel failed to file a notice of appeal as he had requested. *Id.* The district court denied the § 2255 motion without an evidentiary hearing, on the basis that Gomez-Diaz failed to identify any ground for appeal falling within the exceptions listed in the sentence appeal waiver. *Id.*

After examining the analytical framework set forth in the Supreme Court's decisions in *Strickland* and *Flores-Ortega*, we held that Gomez-Diaz did in fact state a claim sufficient to entitle him to an evidentiary hearing in the district court. *Gomez-Diaz*, 433 F.3d at 791-93. We remanded the case to the district court with instructions to conduct an evidentiary hearing to determine whether Gomez-Diaz's

4

initial statements were sufficient to trigger a *per se* duty to appeal, and if not, whether counsel fulfilled his constitutional duty to consult with Gomez-Diaz regarding his desire to appeal. *Id.* at 792. We also held that the reasoning of *Flores-Ortega* applied "with equal force" where the defendant has waived many, but not all, of his appellate rights. *Id.* at 793.

Here, as in *Gomez-Diaz*, we conclude from the record that the district court erred by concluding that Miquel had waived his ineffective assistance of counsel claim. In denying Miquel's ineffective-assistance-of-counsel claim asserted in his § 2255 motion, the district court found that the claim was barred because it did not relate to the negotiation of his plea agreement and did not fall within any of the exceptions to his appeal waiver. As conceded by the government, the district court erred in making this finding in light of the reasoning set forth in *Gomez-Diaz*.

The record shows that the district court did not address this issue of whether Miquel actually requested his attorney to file an appeal. This is an essential first step in the analysis under *Flores-Ortega* and *Gomez-Diaz*. Therefore, we vacate the district court's order and remand this case to the district court to conduct an evidentiary hearing.

**VACATED AND REMANDED.**