[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2007
THOMAS K. KAHN
CLERK

No. 05-16961
Non-Argument Calendar

_____

D. C. Docket Nos.
05-20726-CV-JIC
03-20441 CR-JIC

FELIX SUAREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 18, 2007)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Federal prisoner Felix Suarez appeals the district court's denial of his § 2255 motion to vacate, set aside or correct his sentence. We granted a certificate of appealability on the following issue only: "[w]hether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so and whether the district court erred in failing to hold an evidentiary hearing on the issue," pursuant to Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005).

Suarez argues that his counsel was per se ineffective because he failed to file a direct appeal upon request and that, at a minimum, Suarez is entitled to an evidentiary hearing on the issue. The government concedes that, pursuant to our decision in Gomez-Diaz, the district court erred by finding that Suarez had waived his claim that his counsel was ineffective for failing to file a direct appeal. It acknowledges that we should remand for the district court to conduct an evidentiary hearing to establish whether Suarez's trial counsel had a duty to file a notice of appeal from the final judgment in the district court.

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed de novo and its factual findings are reviewed for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a defendant ultimately has received ineffective assistance of counsel is a mixed question of fact

2

and law reviewed de novo.  Mincey v. Head, 206 F.3d 1106, 1142 (11th Cir. 2000).

The legal standard governing the disposition of ineffective-assistance-of-counsel claims is derived from the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In Strickland, the Supreme Court established a two-prong test for adjudicating ineffective-assistance-of-counsel claims.  First, a movant must show that counsel's performance was unreasonably deficient.  Second, the movant must show that this deficiency prejudiced the defense.  Id. at 687, 104 S.Ct. at 2064.

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000), the Supreme Court applied the test set forth in Strickland in addressing the question of when counsel is ineffective for failing to file a notice of appeal.  The Court reiterated the long-established rule that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. Id. at 476-77, 120 S.Ct. at 1034-35. The Court further held that counsel may be ineffective even when a defendant has not specifically instructed his counsel to file an appeal, so long as counsel had a duty to consult the defendant about his desire to appeal.  This duty to consult arises when either: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing.  Id. at 480, 120 S.Ct. at 1036.  Finally, in addition to showing

3

unreasonable deficiency, the defendant must also show that the failure to file a notice of appeal caused prejudice. "[T]o show prejudice under these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484, 120 S.Ct. at 1038.

In Gomez-Diaz, we were presented with a case factually and procedurally similar to the instant appeal. In that case, Gomez-Diaz pled guilty pursuant to a written plea agreement containing a sentence appeal waiver. Gomez-Diaz, 433 F.3d at 790. Gomez-Diaz did not file a direct appeal. Id. He filed a § 2255 motion, wherein he alleged, inter alia, that his court-appointed counsel failed to file a notice of appeal as he had requested. Id. The district court denied the § 2255 motion without an evidentiary hearing, on the basis that Gomez-Diaz failed to identify any ground for appeal falling within the exceptions listed in the sentence appeal waiver. Id. at 790.

After examining the analytical framework set forth in the Supreme Court's decisions in Strickland and Flores-Ortega, we held that Gomez-Diaz did in fact state a claim sufficient to entitle him to an evidentiary hearing in the district court. Id. at 791-93. We remanded the case to the district court with instructions to conduct an evidentiary hearing to determine whether Gomez-Diaz's initial

4

statements were sufficient to trigger a per se duty to appeal, and if not, whether counsel fulfilled his constitutional duty to consult with Gomez-Diaz regarding his desire to appeal. Id. at 793  We also held that the reasoning of Flores-Ortega applied "with equal force" where the defendant has waived many, but not all of his appellate rights. Id. at 793.

Upon review of the record, and upon consideration of the briefs of the parties, we find that Gomez-Diaz controls this case, and vacate and remand.

Here, as in Gomez-Diaz, the district court erred by concluding that Suarez had waived his ineffective-assistance-of-counsel claim.  In that case, Gomez-Diaz pled guilty pursuant to a written plea agreement containing a sentence appeal waiver that, substantively, was essentially the same as the waiver in the instant case. Gomez-Diaz, 433 F.3d at 790.  In denying Suarez's ineffective-assistance-of-counsel claim asserted in his § 2255 motion, the district court found that the claim was barred by Suarez's knowing and voluntary waiver.  As conceded by the government, the district court erred in making this finding in light of the reasoning set forth in Gomez-Diaz.

The record shows that the district court did not address the issue of whether Suarez actually requested his attorney to file an appeal.  This is an essential first step in the analysis under Flores-Ortega and Gomez-Diaz.  Therefore, we vacate

and remand to the district court to conduct an evidentiary hearing into: (1) whether Suarez, in fact, requested counsel to file a direct appeal sufficient to trigger the per se duty to appeal set forth in Flores-Ortega; and (2) if not, whether counsel fulfilled his constitutional duty to consult with Suarez by advising him of the advantages and disadvantages of filing an appeal and making a reasonable effort to comply with Suarez's wishes.

**VACATED AND REMANDED.**