[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11209
Non-Argument Calendar

_____

D.C. Docket Nos. 06-08031-CV-4-IPJ-HGD
04-00238-CR-4-1

AARON LEWIS McELROY,

Petitioner–Appellant,

versus

UNITED STATES OF AMERICA,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 18, 2007)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Aaron Lewis McElroy, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability on the following issue only: "Whether the district court erred in denying appellant's claim that his trial counsel was ineffective for failing to file a notice of appeal after appellant allegedly requested counsel to do so?" We agree that the district court clearly erred in denying McElroy's § 2255 motion on the grounds that McElroy failed to identify arguably meritorious grounds which he could have pursued on direct appeal.

It is well-settled case law that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (applying the "reasonably effective" legal assistance test from Strickland v. Washington, 466 U.S. 668 (1984), to a claim that counsel was ineffective for failing to file a notice of appeal). There is a presumption of prejudice "with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." Id. at 484. A defendant need not establish that his direct appeal would have been

arguably meritorious; he need only show that his counsel's constitutionally deficient performance deprived him of an appeal he would have otherwise taken—i.e., the defendant expressed to his attorney a desire to appeal. Id.; see also Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005).

Moreover, even when a defendant has not specifically instructed his counsel to file an appeal, his counsel may still have performed deficiently. In such circumstances, a court must inquire "whether counsel in fact consulted with the defendant about an appeal"—that is, whether he advised the defendant about the advantages and disadvantages of taking an appeal while also making a reasonable effort to discover the defendant's wishes. Flores-Ortega, 528 U.S. at 478. If the attorney has consulted with the defendant, "the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case. If not, the court must further inquire whether the attorney had the affirmative duty to consult." Gomez-Diaz, 433 F.3d at 792 (citing Flores-Ortega, 528 U.S. at 478). This duty to consult arises when either "(1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing." Id. (citing Flores-Ortega, 528 U.S. at 480).

In the present case, the district court erroneously concluded that to satisfy the prejudice prong of the Strickland test, McElroy was required to establish that

he would have had an arguably meritorious claim on direct appeal. Consequently, the district court never determined whether McElroy specifically requested that his counsel file a notice of appeal or whether he had a duty to consult or actually consulted with McElroy about filing an appeal. Furthermore, the record below is insufficient to resolve the factual questions because the record contains both a sworn affidavit from McElroy supporting his version of events and a sworn affidavit from his trial counsel refuting McElroy's claim that he directed his counsel to file a notice of appeal. Thus, the district erred in failing to hold an evidentiary hearing to establish the content —or lack thereof —of communications between McElroy and his attorney.

Accordingly, in light of Strickland, Flores-Ortega, and Gomez-Diaz, we vacate and remand to the district court to conduct an evidentiary hearing to determine (1) whether McElroy, in fact, requested counsel to file a direct appeal sufficient to trigger the per se duty to appeal; and (2) if not, whether counsel fulfilled his constitutional duty to consult with McElroy by advising him of the advantages and disadvantages of filing an appeal and making a reasonable effort to comply with McElroy's wishes.

**VACATED AND REMANDED**.