[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2008
THOMAS K. KAHN
CLERK

No. 07-11049
Non-Argument Calendar

_____

D. C. Docket No. 05-23197-CV-JEM

WILLIAM GOLFIN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 25, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant William Golfin, a Florida state prisoner proceeding *pro se*,

appeals the dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We granted Golfin a certificate of appealability ("COA") on one issue only:

> Whether the district court erred by dismissing appellant's 28 U. S. C. § 2254 petition as time-barred where appellant filed a petition for discretionary review with the Florida Supreme Court but the district court found that 28 U. S. C. [§ 2244(d)'s] limitation period began to run 90 days after the District Court of Appeal affirmed appellant's conviction and sentence.

Golfin argues only that he is entitled to equitable tolling for the time he filed for discretionary review with the Florida Supreme Court. The State responds that we should affirm the district court's dismissal of his habeas corpus petition because Golfin did not address the issue raised in COA and therefore abandoned the issue.

Under our well-established procedural rules, we consider issues not clearly raised on appeal abandoned. *Jones v. Campbell*, 436 F.3d 1285, 1303 (11th Cir.), *cert. denied*, 127 S. Ct. 619 (2006). Under the AEDPA, "appellate review is limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998), *see also* 28 U.S.C. § 2253. We liberally construe the pleadings of a *pro se* petitioner. *Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005). Nevertheless, we will not act as *de facto* counsel for a *pro se* litigant. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

2

Cir. 1998).

Golfin did not address the issue raised by the COA; rather he argued that he was entitled to equitable tolling. Thus, he abandoned the issue on which we granted a COA. Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**