[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15660
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00806-CV-J-33HTS

WESLEY K. ASHCRAFT,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 10, 2009)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Wesley K. Ashcraft, a state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We granted a certificate of appealability ("COA") on the issue of whether, in light of Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the district court erred by finding that, because Ashcraft failed to establish prejudice, counsel was not ineffective for failing to file a notice of appeal.[1] On this narrow issue, we find that the district court clearly erred in so holding and remand for an evidentiary hearing to determine whether Ashcraft in fact requested that his counsel file a notice of appeal on his behalf.

A district court's grant or denial of a habeas corpus petition under § 2254 is reviewed de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). "An ineffective assistance of counsel claim is a mixed question of law and fact subject to de novo review." Id. Our review of a state habeas court's decision is

---

[1] Because it is outside the scope of the COA, we will not consider the government's argument, made for the first time on appeal, that Ashcraft's ineffective assistance of counsel claim is procedurally defaulted for failure to exhaust the claim on direct appeal. See 28 U.S.C. 2253(c)(3); Murray v. U.S., 145 F.3d 1249, 1251 (11th Cir.1998). The government argues that, although Ashcraft did file a belated appeal under Fla.R.App.P. 9.141(c), the Florida circuit and appellate courts dismissed his appeal on state procedural grounds for failure to comply with various court orders. At the district court, however, the government conceded that Ashcraft had exhausted his state remedies. In its brief to this court, the government asserts that it made a "substantial error" in so conceding. On remand, the district court may consider the government's argument (and any response by Ashcraft) regarding exhaustion, including whether the government has waived the argument by its initial concession in the district court that Ashcraft had exhausted his state remedies. See 28 U.S.C. § 2254(b)(3); Kelley v. Secretary, Dept. of Corrections, 377 F.3d 1317, 1351 n.33 (11th Cir. 2004).

limited by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1218

(1996). See 28 U.S.C. § 2254; Williams v. Taylor, 529 U.S. 362, 402–03 (2000).

We may grant habeas as to legal questions decided on the merits by the state

habeas court only where the court's decision "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States."  28 U.S.C.

2254(d)(1).  The Supreme Court has explained the requirements in § 2254(d)(1) as

follows:

> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412–13.

The Sixth Amendment guarantees criminal defendants the right to effective

assistance of counsel.  U.S. CONST. amend. VI; Strickland v. Washington, 466 U.S.

668, 685-86 (1984).  To prevail on a claim of ineffective assistance of counsel,

Ashcraft must demonstrate (1) that his counsel's performance was deficient, i.e.,

"counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment," and (2) that he suffered prejudice as a result of that deficient performance.  Strickland, 466 U.S. at 687.  A "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  This Court has interpreted Flores-Ortega to mean that it is per se unreasonable to fail to follow a client's explicit request to file an appeal.  Gomez-Diaz, 433 F.3d at 791-92.  Even if a client has not made a specific request of his attorney to file an appeal, "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Flores-Ortega, 528 U.S. at 480.

The denial of counsel on appeal, and more seriously, the denial of an appeal altogether as a result of ineffective assistance of counsel, deprives the accused of counsel at a "critical stage" and therefore carries a presumption of prejudice.  Flores-Ortega, 528 U.S. at 483.  However, "counsel's deficient performance must actually cause the forfeiture of the defendant's appeal."  Flores-Ortega, 528 U.S. at 484.  Thus, to invoke the presumption of prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to

4

consult with him about an appeal, he would have timely appealed." Id. "When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Flores-Ortega, 528 U.S. at 484. Most importantly in this case, a pro se defendant is not required to show that his appeal has any arguably meritorious grounds for appeal; all that is required is for the "defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." Id. at 486.

Rather than determine as a factual matter whether counsel's conduct deprived Ashcraft of his appeal, the state habeas court held that "even assuming counsel was ineffective for failing to file a direct appeal on behalf of [Ashcraft], [Ashcraft] has failed to establish prejudice to his case [under Strickland.]" The district court agreed, holding that Ashcraft had failed to establish prejudice because there was no "meritorious issue to raise on direct appeal" and "any omitted claim would not have had a reasonable probability of success before the appellate court." As explained, this analysis by the state habeas court was contrary to clearly established federal law under Flores-Ortega.[2] Thus, the district court erred in

_____

[2] Because the merits of his appeal are not to be considered for purposes of his ineffective assistance of counsel claim, it irrelevant that Ashcraft waived his right to appeal by entering a guilty plea. See Flores-Ortega, 528 U.S. at 477.

5

affirming the state habeas court and in failing to hold an evidentiary hearing to determine the content of the communications between Ashcraft and his counsel regarding a possible appeal and whether Ashcraft would have timely appealed but for his counsel's deficient performance.[3]  If the district court determines after an evidentiary hearing that Ashcraft would have timely appealed but for his counsel's performance, counsel's conduct would be <u>per se</u> unreasonable, and therefore Ashcraft would be entitled to pursue an out-of-time appeal.  <u>Flores-Ortega</u>, 528 U.S. at 477.

**VACATED AND REMANDED.**

---

[3] Ashcraft presented the facts surrounding his counsel's ineffectiveness to the state habeas court, which erroneously rejected his claim on prejudice grounds without further evidentiary development.  Therefore, 28 U.S.C. § 2254(e)(2), which limits the district court's discretion to hold an evidentiary hearing in cases in which the petitioner has failed to develop the factual basis of his claim in state court, does not apply.