[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15655
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-14067-CV-DLG,
04-14033-CR-DLG

JAMES LEE SILLS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 3, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

James Sills, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to overturn his criminal convictions on the theory that he had received ineffective assistance of counsel. In support of his motion, Sills noted that his trial attorney had failed to preserve two objections to a wiretap warrant and that his appellate counsel had failed to argue that the use of several intercepted conversations as evidence violated his constitutional right to confront witnesses. The district court denied the § 2255 motion on the ground that the attorneys' alleged errors had caused Sills no prejudice, and we agree.

I

Sills was indicted on federal drug and firearms charges after a state investigation produced evidence that he had been involved in a conspiracy to distribute cocaine. Before trial, Sills's attorney, along with counsel for his codefendants, moved to suppress a bevy of wiretap evidence on the ground that the State's application for the wiretap had been deficient. Specifically, the defendants argued that the State had based its warrant application on stale information and had failed to explain why a wiretap, in light of other possible investigative techniques, was necessary. After a magistrate judge recommended denying the motion to suppress, some of the other defendants objected before the

district judge—who then denied the motion—but Sills's attorney failed to preserve the issues for appeal.

At trial, when the Government tried to introduce several recordings of intercepted conversations involving Sills, his attorney objected on the ground that admitting them into evidence would deny Sills his constitutional right to confront the alleged co-conspirator heard on the tapes. The court overruled the objection, and the jury found Sills guilty. On direct appeal, Sills's appellate counsel did not present the confrontation question to this court, and we affirmed his conviction. *United States v. Dennard*, 258 Fed. Appx. 299 (11th Cir. 2007).

Sills filed a motion to set aside his sentence under 28 U.S.C. § 2255 on the ground that the assistance he had received from his former attorneys was constitutionally deficient. The district court adopted a magistrate judge's recommendation to deny the motion on the ground that any unprofessional errors of counsel had not prejudiced Sills's case. The district court issued a certificate of appealability, *see* Fed. R. App. P. 22(b)(1), and Sills, now *pro se*, appeals.

II

The Constitution guarantees the accused in any criminal prosecution "the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend VI. "It has long been recognized that the right to counsel is the right to the

3

effective assistance of counsel," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and the requirements for effective trial assistance apply equally to a defendant's attorney on direct appeal, *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001). To prevail on a claim of ineffective assistance at either stage, the defendant must show that his attorney's performance "fell below reasonable professional standards" and that he suffered prejudice as a result. *Id.* We review ineffective-assistance claims *de novo*. *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

A. *Trial Counsel's Performance*

By denying Sills the opportunity for further review of the suppression issues, *see* Fed. R. Crim. P. 59(b)(2), his attorney's failure to object to the magistrate judge's recommendation on the motion to suppress arguably fell short of reasonable professional standards. But "[e]ven if a defendant shows that particular errors of counsel were unreasonable," he must still "show that they actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, if the arguments forsaken by Sills's attorney have no merit, there can be no prejudice.

4

By failing to object to the magistrate's recommendation, defense counsel denied Sills the opportunity to raise two arguments before the district court and, later, on appeal. First, Sills could have argued that the wiretap application was defective because it was based on stale information. *See United States v. Bervaldi*, 226 F.3d 1256, 1264–65 (11th Cir. 2000). But there is no reasonable probability that the preservation of that argument would have led to a different result. For one thing, the district court denied the motion to suppress over the objections of Sills's codefendants, who did raise the staleness argument. More important is that we rejected the same argument in an appeal from one of the co-defendants' convictions and concluded that "the district court properly denied the motion to suppress." *Dennard*, 258 Fed. Appx. at 302. Sills can therefore demonstrate no prejudice, and his ineffective-assistance claim concerning this argument fails.

The second argument that Sills's attorney failed to preserve concerns the necessity of the wiretap. "Each application for an order authorizing or approving the interception of a wire, oral, or electronic communication" must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1). Sills argues that the State's

5

warrant application ran afoul of this requirement by failing to explain why a wiretap was necessary.

The underlying argument is that the State did not try hard enough to investigate the suspected drug conspiracy through more conventional means. We considered a similar argument in *United States v. Suarez*:

> The affidavit in support of a search warrant "must simply explain the retroactive or prospective failure of several investigative techniques that reasonably suggest themselves." *United States v. Van Horn*, 789 F.2d 1492, 1496 (11th Cir. 1986). However, a comprehensive exhaustion of all possible investigative techniques is not necessary before applying for a wiretap. *United States v. Alonso*, 740 F.2d 862, 868 (11th Cir. 1984). The statute was not intended "to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques." *Id.*

601 F.3d 1202, 1214 (11th Cir. 2010).

Despite Sills's contention that the State's warrant application reflected "impatience" rather than an honest attempt to explain the necessity of a wiretap, the application's supporting affidavits summarized a wide range of investigative techniques that the State had either attempted or considered. The affidavits revealed, for instance, that the State's confidential informants had no information on the conspiracy's inner workings and that the drug organization comprised a close-knit group of individuals unlikely to trust undercover agents. The State also

6

explained its concern that search warrants and grand jury subpoenas would frustrate its goals by alerting the conspirators to the criminal investigation. Given these facts, we agree with the district court that the State's application adequately "'inform[ed] the issuing judge of the difficulties involved in the use of conventional techniques.'" *Suarez*, 601 F.3d at 1214 (quoting *Alonso*, 740 F.2d at 868). The alleged errors of Sills's trial counsel caused him no prejudice.

B. *Appellate Counsel's Performance*

Sills also argues that his appellate counsel should have raised the argument that admitting the intercepted telephone conversations as evidence violated his rights under the Sixth Amendment's Confrontation Clause. *See* U.S. Const. amend. VI ("[T]he accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."). Sills contends that the district court erred by rejecting his Confrontation Clause argument at trial and that his attorney's failure to raise that argument on direct appeal caused him prejudice.

The question here is whether the statements contained in the intercepted conversations were "testimonial" in nature. *See Davis v. Washington*, 547 U.S. 813, 821 (2006) ("Only statements of this sort cause the declarant to be a 'witness' within the meaning of the Confrontation Clause."). The Supreme Court has not precisely defined the term "testimonial," but in our circuit this much is clear:

7

statements made in furtherance of a criminal conspiracy are not testimonial. *United States v. Underwood*, 446 F.3d 1340, 1347 (11th Cir. 2006); *see also Giles v. California*, 128 S. Ct. 2678, 2691 n.6 (2008) (plurality opinion) ("[A]n incriminating statement in furtherance of the conspiracy would probably never be[] testimonial."). Nor are statements made by acquaintances during a private conversation. *United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1209 (11th Cir. 2009) (citing *United States v. Brown*, 441 F.3d 1330, 1360 (11th Cir. 2006)).

In light of this court's binding precedent, Sills's appellate counsel would not have been able to convince us that the admission of the recordings violated his rights under the Confrontation Clause. As a result, Sills cannot show that the failure to raise that argument caused him any prejudice, and his claim for ineffective assistance of appellate counsel fails.

III

Because there is no reasonable probability that Sills would not have been convicted but for the alleged errors of his attorneys, the district court properly denied his motion under 28 U.S.C. § 2255. The district court's judgment is

**AFFIRMED.**