[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2006
THOMAS K. KAHN
CLERK

No. 05-16134
Non-Argument Calendar

_____

D. C. Docket No. 05-21381-CV-AJ

YOHAN HERNANDEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 22, 2006)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Yohan Hernandez appeals the order of the district court that denied his

motion to vacate sentence without the benefit of an evidentiary hearing. 28 U.S.C. § 2255. Hernandez alleged that his trial counsel rendered ineffective assistance by failing to file a notice of appeal as Hernandez had requested. The government concedes that Hernandez was improperly denied an evidentiary hearing. We agree. We vacate the order of the district court and remand to the district court for an evidentiary hearing consistent with our decision in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005).

## I. BACKGROUND

On February 19, 2004, Hernandez pleaded guilty to one count of conspiring to possess more than five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possessing a firearm in furtherance of a drug trafficking crime or crime of violence, 18 U.S.C. § 924(c)(1)(A). The facts stipulated in the plea colloquy established that on September 2, 2003, Hernandez's co-defendant, Samuel Oval, met with an undercover officer and agreed to recruit a crew to rob a drug supplier of 25 to 30 kilograms of cocaine. At a later meeting, Oval introduced Hernandez as his partner to the officer. At later meetings still, the three planned the final details of the robbery. Hernandez and Oval both stated that they would be armed at the time of the robbery and would tie up anyone they encountered. They were to receive 50 percent of the stolen drugs in return for their

services. On the day scheduled for the robbery, Hernandez placed a loaded .38 Taurus revolver in the car of the officer. When they arrived at the location where the robbery was to occur, Hernandez and Oval were arrested.

The plea agreement stated that, unless Hernandez's sentence exceeded the statutory maximum or was the result of an upward departure, Hernandez waived his right to appeal. The Presentence Investigation Report established a total offense level of 31 with a criminal history category of III, which resulted in a range of 136 to 168 months of imprisonment. Hernandez objected that one of the prior convictions used to determine his criminal history category was in error. The United States filed motions for a one-level decrease for timely acceptance of responsibility and a downward departure based on substantial assistance. The district court overruled Hernandez's objection and granted both motions of the United States. The court imposed consecutive sentences of 84 months of imprisonment for the conspiracy offense and 60 months of imprisonment for the firearm offense, for a total of 144 months.

Hernandez did not appeal his conviction or sentence, but instead filed a motion to vacate his sentence. 28 U.S.C. § 2255. He alleged that his trial counsel rendered ineffective assistance by failing to file a notice of appeal as Hernandez requested. Hernandez contended that he specifically asked his counsel to appeal

the consecutive 60 month sentence but that his counsel informed him it could not be done based on the plea agreement. Hernandez also requested an evidentiary hearing.

The district court referred the matter to a magistrate judge who found that Hernandez had waived his right to appeal. The magistrate judge construed Hernandez's motion "to argue that counsel was ineffective for failing to file a requested direct appeal," and found that counsel was not ineffective for failing to pursue a "nonmeritorious argument." The magistrate judge did not recommend an evidentiary hearing. Hernandez filed objections to the report and recommendation. The district court adopted the report and the recommendation.

Hernandez filed a motion to proceed in forma pauperis and filed a notice of appeal and a motion for a certificate of appealability. The district court granted the motion to proceed in forma pauperis but denied the motion for a certificate of appealability. Hernandez sought a certificate of appealability from this Court, and it was granted with respect to the following issue: "Whether the district court erred by finding that counsel was not ineffective for failing to file a direct appeal?"

## II. STANDARD OF REVIEW

We review de novo the legal conclusions of the district court in a proceeding under section 2255. Gomez-Diaz, 433 F.3d at 790. Whether counsel is ineffective

4

is a mixed question of law and fact that the Court reviews de novo. United States

v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

### III. DISCUSSION

Hernandez alleged in his motion in the district court that, while his attorney

initially appeared to agree to file a direct appeal, the attorney then avoided

speaking with Hernandez and never filed a notice of appeal. Pro se pleadings are

construed liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.

1998), and the district court construed Hernandez's filings to allege that his

counsel rendered ineffective assistance by failing to file a notice of appeal that

Hernandez explicitly asked him to file.

In Strickland v. Washington, the Supreme Court held that, to establish a

claim of ineffective assistance of counsel, a defendant must show that (1) the

performance of counsel failed to meet "an objective standard of reasonableness,"

and (2) the rights of the defendant were prejudiced as a result. 466 U.S. 668, 688,

104 S. Ct. 2052, 2064 (1984). In Roe v. Flores-Ortega, the Supreme Court applied

Strickland to the failure by an attorney to file a notice of appeal. The Supreme

Court held that an attorney who fails to file a requested appeal acts in a

professionally unreasonable manner *per se*. 528 U.S. 470, 477, 120 S. Ct. 1029,

1035 (2000). The Court went on to hold that, even if a client has not specifically

5

requested that an appeal be filed, courts must inquire whether the attorney made a reasonable effort to inform the client about the advantages and disadvantages of an appeal, and to determine the wishes of the client. Id. The failure to file an appeal requested by a client violates the constitutional right of the defendant to counsel, and prejudice is presumed. Id. at 483, 120 S. Ct. at 1038.

In Gomez-Diaz v. United States, this Court applied Strickland and Flores-Ortega to a situation similar to the one before us. After entering into a plea agreement that included a limited sentence appeal waiver, Gomez-Diaz filed a pro se motion under section 2255. 433 F.3d 788, 790 (11th Cir. 2005). The district court dismissed the motion without holding an evidentiary hearing. Id. This Court construed the notice of appeal liberally to allege that counsel had been asked to appeal but failed to do so. Id. at 791. This Court then vacated the order denying Gomez-Diaz's motion and remanded the matter to the district court to hold an evidentiary hearing to determine the nature of the communications between Gomez-Diaz and his attorney. Id. at 793. We explained as follows the inquiry for the evidentiary hearing:

> If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious

6

grounds for appeal that would fit one of the exceptions contained in his appeal waiver.

Id. Because Hernandez's pleadings can be similarly construed to allege that his counsel rendered ineffective assistance by failing to file a requested appeal, Hernandez is entitled to the kind of hearing described in Gomez-Diaz.

## IV. CONCLUSION

We vacate the order of the district court and remand for an evidentiary hearing consistent with the instructions in Gomez-Diaz.

**VACATED AND REMANDED.**