[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14916
Non-Argument Calendar

_____

D. C. Docket Nos. 03-01728-CV-TWT-1 & 01-00534-CR-TWT

ARTURO PLIEGO-DUARTE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 5, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Arturo Pliego-Duarte, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. After review, we vacate the district court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2002, pursuant to a plea agreement, Pliego-Duarte pled guilty to conspiracy to possess with intent to distribute cocaine and methamphetamine. Pliego-Duarte's plea agreement contained an appeal waiver provision in which he agreed to waive all rights to appeal his sentence or to collaterally attack his conviction except in two circumstances: an upward departure or an appeal by the government. Pliego-Duarte was sentenced to a term of 360 months' imprisonment, followed by a term of ten years of supervised release. There was no direct appeal.

In 2003, Pliego-Duarte filed a 28 U.S.C. § 2255 motion challenging his 2002 sentence. The § 2255 motion alleged, inter alia, that Pliego-Duarte was denied effective assistance of counsel because his sentencing counsel had failed to file a direct appeal at Pliego-Duarte's request.

The district court held an evidentiary hearing, at which Pliego-Duarte and his sentencing counsel, Herbert Shafer and Rebecca Guinn, testified. Shafer testified that he had no independent recollection of whether he had a conversation with Pliego-Duarte about his right to appeal following his sentencing. Guinn

2

testified that she did have a conversation with Pliego-Duarte about his right to appeal, that he told her he wanted to file an appeal and that she "reiterated to him that he had waived his right to appeal and that he needed to talk to Mr. Shafer about filing an appeal, if he wanted to do that." On cross-examination, Guinn testified that Pliego-Duarte asked that she file an appeal. Pliego-Duarte also testified, stating that he advised both Shafer and Guinn to file an appeal. Pliego-Duarte further stated that, even though Guinn reminded him that he had waived his right to appeal, he insisted that she file an appeal.

The district court denied Pliego-Duarte's § 2255 motion. The district court concluded that, "because [Pliego-Duarte's] direct appeal waiver was valid and enforceable, he suffered no arguable prejudice from the failure of Mr. Shafer or Ms. Guinn to file a direct appeal on his behalf." We granted Pliego-Duarte a certificate of appealability as to whether the district court properly denied his § 2255 motion as follows:

> Whether the district court properly denied appellant's claim for ineffective assistance of counsel based on counsel's failure to file a direct appeal?

## II. DISCUSSION

The two-pronged test of Strickland v. Washington requires a defendant claiming ineffective assistance of counsel to show both objectively unreasonable

3

performance by counsel and resulting prejudice to the defendant. 466 U.S. 668, 104 S. Ct. 2052 (1984). An attorney who fails to file an appeal on behalf of a client after having been requested to do so per se acts in an objectively unreasonable manner. Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000). Furthermore, prejudice is presumed under these circumstances. Id. at 483, 120 S. Ct. at 1038.

In Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), we applied the forgoing principles when the defendant had executed an appeal waiver. Gomez-Diaz controls the outcome in this case.

In Gomez-Diaz, the defendant pled guilty pursuant to a plea agreement containing an appeal waiver. Gomez-Diaz, 433 F.3d at 790. The district court denied the defendant's § 2255 motion alleging ineffective assistance of counsel due to counsel's failure to file a direct appeal. Id. We vacated and remanded, stating that, if the evidence establishes that counsel failed to file an appeal contrary to his client's wishes, "prejudice is to be presumed." Id. at 793. Under such circumstances, the defendant is "entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." Id. This Court rejected the district court's assumption that, in light of the appeal waiver, an appeal would be

4

futile because the defendant had not waived all of his appellate rights. Id. at 793-94. We also concluded that the defendant has no duty to identify potential appellate issues that fall outside the appeal waiver. Id. at 793. Rather, to demonstrate prejudice, the defendant need only show that "'but for counsel's deficient conduct, he would have appealed.'" Id. at 793 (quoting Flores-Ortega, 528 U.S. at 486, 120 S. Ct. at 1040).

Here, Pliego-Duarte waived most, but not all, of his appellate rights in his plea agreement. Guinn, one of Pliego-Duarte's attorneys, admitted during the evidentiary hearing that Pliego-Duarte had requested that she file a direct appeal on his behalf.[1] Furthermore, it is undisputed that no direct appeal was filed. In other words, the record demonstrates that, but for Guinn's failure, Pliego-Duarte would have appealed. Under Gomez-Diaz, prejudice to Pliego-Duarte is presumed, and he is entitled to an out-of-time appeal.

Accordingly, we vacate the district court's order denying Pliego-Duarte's § 2255 motion and remand for further proceedings consistent with this opinion. If, following the perfection of an appeal by filing a notice of appeal, defense counsel

---

[1]The government argues that the district court failed to make an express factual finding as to whether Pliego-Duarte asked his counsel to file an appeal and urges us to remand the case to the district court for such a factual determination. Because counsel Guinn admitted that her client Pliego-Duarte requested that she file an appeal on his behalf and there is no contradictory evidence or even allegation otherwise, we conclude that remand is not necessary under the particular facts of this case.

believes that the record shows no meritorious basis for appeal, counsel may, at that time, file a motion to withdraw and supporting brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396 (1967). At that time, the Court will evaluate whether any arguably meritorious issues exist for appeal. However, under our <u>Gomez-Diaz</u> precedent, Pliego-Duarte is entitled to the perfection of an out-of-time appeal where he has not waived all appeal rights.

**VACATED AND REMANDED.**