[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16596
Non-Argument Calendar

_____

D. C. Docket No. 01-00534-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO PLIEGO-DUARTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 20, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Arturo Pliego-Duarte appeals from his conviction and 360-month sentence

imposed after he pled guilty to one count of conspiring to possess with intent to

distribute at least 5 kilograms of cocaine and 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), (b)(1)(A)(viii), 846 and 851. After review, we affirm.

## I. BACKGROUND

### A. Plea Agreement

Pliego-Duarte, along with several coconspirators, was charged in a multi-count indictment. In April 2002, Pliego-Duarte pled guilty pursuant to a negotiated plea agreement. The plea agreement contained the following appeal waiver:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of sentence.

During the plea hearing, among other things, the district court asked Pliego-Duarte whether he understood that "under some circumstances," Pliego-Duarte or the government may "have the right to appeal any sentence" imposed. Pliego-Duarte responded that he understood. The district court further asked Pliego-Duarte whether he understood that as part of his plea agreement, he was giving up

2

his right to appeal his sentence "unless there is an upward departure from the guidelines or an appeal by the government." Pliego-Duarte responded that he understood. The district court ultimately concluded that Pliego-Duarte understood the charges against him and the consequences of his guilty plea and that Pliego-Duarte had knowingly, voluntarily and competently entered his guilty plea.

At sentencing in June 2002, the district court calculated a base offense level of 38 based on drug quantity and imposed a two-level firearm enhancement, a four-level leadership role enhancement and a two-level reduction for acceptance of responsibility, for a total offense level of 42. With a criminal history category of II, the district court found a guidelines range of 360 months' to life imprisonment. Because the sentencing occurred prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court applied the sentencing guidelines as mandatory and imposed a 360-month sentence. Despite Pliego-Duarte's request, defense counsel did not file an appeal.

**B.      Section 2255 Motion**

In 2003, Pliego-Duarte filed a pro se 28 U.S.C. § 2255 motion, arguing, inter alia, that his defense counsel was constitutionally ineffective for failing to file a direct appeal as instructed. After an evidentiary hearing, the district court denied Pliego-Duarte's § 2255 motion in August 2005. With respect to Pliego-Duarte's

ineffective assistance claim, the district court concluded that because Pliego-Duarte's plea agreement contained a sentence appeal waiver, Pliego-Duarte suffered no prejudice from counsel's failure to file an appeal.

On appeal, this Court granted a certificate of appealability on the sole issue of "[w]hether the district court properly denied appellant's claim for ineffective assistance of counsel based on counsel's failure to file a direct appeal?"  The Court concluded that, because Pliego-Duarte had waived most, but not all, of his appellate rights, prejudice was presumed, and Pliego-Duarte was entitled to an out-of-time direct appeal.  The Court vacated the district court's § 2255 order and remanded for further proceedings consistent with its opinion.  See Pliego-Duarte v. United States, 199 F. App'x 855 (11th Cir. 2006).

On remand, the district court vacated its original order of judgment of conviction and 360-month sentence and reentered it with a new docket entry pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).  Pliego-Duarte then timely filed this now direct appeal of his conviction and sentence.

## II.  DISCUSSION

### A.    Validity of Guilty Plea

Pliego-Duarte argues that his guilty plea was invalid because he did not

waive his Sixth Amendment right to have the facts supporting his firearm and leadership-role sentencing enhancements found by a jury beyond a reasonable doubt.[1]  This is essentially a Booker argument.

Booker, however, did not render Pliego-Duarte's guilty plea involuntary and provides no basis for vacating his conviction.  See Brady v. United States, 397 U.S. 742, 756-57, 90 S. Ct. 1463, 1473-74 (1970) (concluding that a guilty plea is not rendered involuntary by a subsequent change in the law as it relates to the defendant's sentence).  A Booker error implicates sentencing rights, not the establishment of guilt or compliance with Federal Rule of Criminal Procedure 11.  When a reversible Booker error is established, this Court vacates the defendant's sentence and remands for resentencing in accordance with the applicable law.  We do not remand to permit the defendant to withdraw his guilty plea.  The district court did not commit plain error when it concluded that Pliego-Duarte's guilty plea was knowing and voluntary.

## B.    Sentencing Appeal Waiver

In this direct appeal, Pliego-Duarte raises several sentencing issues,

---

[1]Because Pliego-Duarte did not object to the plea proceedings in the district court, our review is limited to plain error in order to avoid manifest injustice.  See United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996).  The factual statement of Pliego-Duarte's appeal brief mentions briefly that his counsel was ineffective in negotiating his plea, but Pliego-Duarte fails to develop this argument.  In any event, to the extent Pliego-Duarte attempts to raise an ineffective assistance claim, we decline to address it on direct appeal.  Massaro v. United States, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 1694 (2003).

including the district court's refusal to award Pliego-Duarte an additional acceptance-of-responsibility point under the guidelines and failure to resentence him in accordance with <u>Booker</u>. However, if enforceable, Pliego-Duarte's sentence appeal waiver precludes review of these claims.[2] Pliego-Duarte argues that his appeal waiver is invalid because the district court failed to adequately explain his appeal rights or the appeal waiver during his plea colloquy.[3]

A sentence appeal waiver must be knowing and voluntary and will be enforced if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. <u>United States v. Bushert</u>, 997 F.2d, 1343, 1350-51 (11th Cir. 1993). A waiver of the right to appeal can cover "difficult or debatable legal issues or even blatant error," including <u>Booker</u> issues. <u>United States v. Grinard-Henry</u>, 399 F.3d 1294, 1296 (11th Cir. 2005).

Pliego-Duarte claims that his counsel during the plea negotiations did not explain the appeal waiver to him before he signed the plea agreement. Pliego-

---

[2]Pliego-Duarte's sentence appeal waiver permits him to appeal only if there is an upward departure under the guidelines or if the government appeals the sentence. Pliego-Duarte's appellate claims do not fall under either of these exceptions to the sentence appeal waiver.

[3]We review the voluntariness of an appeal waiver <u>de novo</u>. <u>United States v. Bushert</u>, 997 F.2d 1343, 1352 (11th Cir. 1993).

Duarte also points out that his sentencing counsel testified during the § 2255 hearing that, at the sentencing hearing, Pliego-Duarte appeared not to understand that he had waived his right to appeal his sentence. However, the district court specifically questioned Pliego-Duarte about the sentence appeal waiver during the plea colloquy, and Pliego-Duarte stated that he understood the appeal waiver. We apply a strong presumption that Pliego-Duarte's statement under oath that he understood the sentence appeal waiver in his plea agreement was true, and Pliego-Duarte has failed to meet the heavy burden to show otherwise. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Moreover, Pliego-Duarte's claim that he did not question the district court regarding the appeal waiver out of fear of a life sentence or due to advice of counsel is belied by the fact that Pliego-Duarte did not hesitate to object to the government's factual proffer during the plea.

Because Pliego-Duarte knowingly and voluntarily entered into his sentence appeal waiver, the sentence appeal waiver is enforceable.[4] Thus, we do not address the sentencing issues raised by Pliego-Duarte.

**AFFIRMED.**

---

[4]Pliego-Duarte's argument that his sentence appeal waiver is unenforceable because it is not supported by adequate consideration is also without merit. In exchange for Pliego-Duarte's guilty plea, the government agreed to dismiss the thirteen remaining counts in the indictment and to recommend that Pliego-Duarte's offense level be reduced for acceptance of responsibility.