[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 08-15474

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00497-CV-3-LAC-MD

NICHOLAS CUNNINGHAM,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(May 11, 2010)

Before TJOFLAT, WILSON and EBEL,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

In this appeal from the denial of a § 2255 motion, Petitioner Nicholas Cunningham claims that his trial counsel afforded him ineffective assistance of counsel when he failed to file an appeal on behalf of Petitioner after Petitioner explicitly instructed him to do so. The district court denied Petitioner's claim on the ground that he did not establish that his counsel acted unreasonably by relying upon a subsequent statement by Petitioner's mother that he no longer wanted to appeal. We conclude that the factual disputes at issue here would best be resolved by an evidentiary hearing, and thus VACATE and REMAND for the district court to conduct such a hearing.

## I.    Background

On November 14, 2006, Petitioner Nicholas Cunningham was sentenced to a 240-month sentence following his guilty plea to a charge of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841, 846. Petitioner informed his court-appointed attorney at the sentencing hearing that he did not wish to appeal his sentence so he could leave open the possibility of later receiving a reduction for providing substantial assistance to the government pursuant to Federal Rule of Criminal Procedure 35.

2

On or about November 18, 2006, Petitioner's counsel received a phone call from a woman identifying herself as Petitioner's sister, who informed counsel that she had spoken with her brother and he now wanted to file an appeal. This conflicted with what Petitioner had represented to him at the sentencing hearing, so counsel visited Petitioner in jail on November 20; Petitioner told him he now wanted to appeal. The following day, a woman identifying herself as Petitioner's mother spoke by phone to the secretary of Petitioner's attorney and informed her that Petitioner did not want to appeal. After receiving this message, Petitioner's attorney did not return to the jail to talk to Petitioner and did not file a notice of appeal.

Petitioner subsequently filed this § 2255 motion alleging, among other things, that counsel was ineffective for failing to file a timely notice of appeal as he had explicitly requested. The magistrate judge noted that Petitioner did not state whether he in fact authorized his mother to call his attorney to withdraw his request for an appeal, and so instructed Petitioner to either withdraw the claim or to provide a sworn affidavit "setting forth his version of the facts surrounding his mother's instructions to counsel with respect to the notice of appeal." (R. doc. no. 58.) Petitioner

3

submitted an affidavit that stated he did not recall whether he told his mother to tell his attorney he no longer wanted to appeal, but that he did recall telling his attorney at the jail that he did want to appeal. The magistrate judge concluded in his report and recommendation that Petitioner failed to establish that his counsel was ineffective for failing to file a notice of appeal because he did not establish that his mother's phone call was against his wishes. The district court adopted the magistrate's findings and denied the § 2255 motion.

On December 19, 2008, we granted Petitioner's motion for a certificate of appealability (COA) on the following issue only: "whether the district court erred in finding that counsel was not ineffective for failing to file a notice of appeal." (R. doc. no. 85.)

II. **Discussion**

When considering the appeal of a district court's denial of a § 2255 motion, we review the district court's factual determinations for clear error and its legal conclusions de novo. See Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that is reviewed de novo. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008) (per

curium).

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' . . . and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). This "test applies to claims, like [Petitioner's], that counsel was constitutionally ineffective for failing to file a notice of appeal." Id. at 477. In the context of such a claim, a petitioner can establish that his attorney acted in a professionally unreasonable manner either by showing that counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal" or by showing that, in the absence of specific instructions from the petitioner, there was reason to believe that "a rational defendant would want to appeal." Id. at 478, 480. As for the prejudice prong of the analysis, "prejudice is presumed" when counsel fails "to file an appeal that the defendant wanted filed." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005) (citing Roe, 528 U.S. at 483). Thus, "to satisfy the prejudice prong . . . , a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need

5

only demonstrate that, but for the attorney's deficient performance, he would have appealed." Id. In addition, the district court must conduct an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In the present case, Petitioner's counsel did speak to Petitioner after learning from a family member that he wanted to appeal—and he received an express statement from Petitioner that he wished to appeal—but counsel did not speak to Petitioner again after receiving a conflicting message from another purported family member that Petitioner no longer wanted to appeal. As noted above, however, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is a reason to think . . . that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480.[1] Here, Petitioner explicitly told counsel to appeal,

---

[1] The government contends that whether Petitioner's counsel had a duty to consult with Petitioner after the mother's phone call is outside of the question posed by this court in the COA. However, the government cites no case for the proposition that counsel's duty to consult about whether a petitioner desired to appeal is a separate issue from counsel's duty to file an explicitly requested appeal, and cases have analyzed the two questions together. See Gomez-Diaz, 433 F.3d at 790-93 (remanding the § 2255 motion for an evidentiary hearing to determine whether the petitioner's counsel failed to

(continued...)

6

and yet his counsel did not consult with him after receiving a note from his secretary stating that a woman claiming to be Petitioner's mother said Petitioner no longer wanted to appeal. This call came the day after Petitioner explicitly informed his counsel that he did want to appeal, and the record is unclear if his mother said whether she spoke to Petitioner before or after Petitioner told his attorney to file the notice of appeal.

Thus, the record before us leaves open many factual questions, including: 1) whether the woman who purported to be Petitioner's mother was really his mother; 2) whether the secretary accurately reported the substance of the conversation to Petitioner's counsel; 3) whether Petitioner authorized his mother to call counsel to advise him that Petitioner did not want to appeal; and 4) if petitioner did in fact authorize his mother to make such a call to his counsel, whether that authorization came before or after Petitioner's meeting with his counsel in jail on November 20, when Petitioner explicitly told his counsel that he wanted to

---

[1](...continued)
consult with petitioner about an appeal, although the COA only presented the question of "[w]hether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so") (quotations omitted); see also Roe, 528 U.S. at 478 (analyzing the duty to consult and duty to file an appeal together, and labeling the duty to consult as an "antecedent[] question" to the question of whether counsel had to file an appeal).

7

appeal.

With substantial factual questions surrounding Petitioner's claim, we cannot agree that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (emphasis added). Accordingly, we conclude that we must remand the case for an evidentiary hearing. See id. Although the magistrate judge acted commendably by instructing Petitioner to file an affidavit clarifying what he told his mother, the subsequently filed affidavit did not resolve the factual disputes that are at the heart of Petitioner's claim. We do not know whether Petitioner's counsel's failure to consult with him caused him prejudice because we do not know whether Petitioner wanted to appeal. See Gomez-Diaz, 433 F.3d at 792 ("[T]o satisfy the prejudice prong . . . , a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed."). We also do not know whether counsel's performance was deficient, as we do not know the legitimacy, accuracy, authority, and timeliness of Petitioner's purported mother's call advising his counsel that Petitioner no longer wanted to appeal. Therefore, we remand for an

8

evidentiary hearing pursuant to § 2255(b) to determine whether Petitioner can meet his burden of showing that he would have appealed but for counsel's failure to consult with him after the phone call from his mother.[2]

## III. Conclusion

The judgment denying the § 2255 motion is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

---

[2] Although we did not explicitly grant a COA to consider whether the district court should have ordered an evidentiary hearing, such a determination is an intrinsic part of the issue on which we did grant COA. In Gomez-Diaz, this court granted a COA solely on the question of "[w]hether appellant was denied effective assistance of counsel when counsel failed to file a timely notice of appeal after appellant allegedly requested counsel to do so." 433 F.3d at 790. We concluded that whether the petitioner was entitled to an evidentiary hearing was a "subsidiary question[]" that was included in the COA, and we remanded for an evidentiary hearing. Id. at 790, 794.