[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13581
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-01104-HES-JBT; 3:10-cr-00251-HES-JBT-1

TONY LEE WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 7, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tony Lee Williams, a federal prisoner proceeding *pro se*, appeals the district court's denial, without an evidentiary hearing, of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Williams's § 2255 motion argued, among other things, that his appointed counsel provided constitutionally deficient assistance by failing to file a notice of appeal. After careful consideration, we conclude that the district court erred in denying Williams's motion without conducting an evidentiary hearing. We therefore vacate the district court's denial of his motion and remand for further proceedings consistent with this opinion.[1]

Williams pled guilty, pursuant to a plea agreement, to manufacturing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). His plea agreement contained an appeal waiver that excepted three different grounds for appeal:

> (a) the ground that the sentence exceeds the . . . applicable guidelines range as determined by the [district c]ourt pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds

---

[1] At sentencing, Williams challenged the application of a career offender enhancement to his sentence, arguing that the enhancement was improper in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Although he did not include this claim in the § 2255 motion at issue here, he has subsequently sought relief based on *Johnson* before this Court by requesting authorization to file a second or successive § 2255 motion. A panel of this Court denied that motion as premature because Williams's initial § 2255 motion remained pending. He then moved in this case to remand or, in the alternative, expand his certificate of appealability. If, on remand, the district court concludes that Williams's counsel provided ineffective assistance and that Williams is consequently entitled to file an out-of-time appeal, then Williams would be free to challenge his career offender enhancement as part of that appeal. For this reason, Williams's motion for remand or, in the alternative, expansion of his certificate of appealability is **DENIED AS MOOT**.

the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

Plea Agreement at 12-13 (Doc. 8-1)[2] (emphasis omitted).  The district court sentenced Williams to 240 months' imprisonment, and Williams did not file a direct appeal.  He later filed a § 2255 motion claiming that he received ineffective assistance of counsel for a variety of different reasons, one of which was that his counsel disregarded his express instructions to file a direct appeal.  The district court denied this motion without an evidentiary hearing, and we granted a certificate of appealability on the issue of whether it erred in doing so.

We review a district court's denial of an evidentiary hearing on a § 2255 motion for abuse of discretion.  *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002).  Evidentiary hearings must be held on § 2255 motions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The scope of review is limited to the issues specified in the certificate of appealability.  *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

"[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  *Aron*, 291 F.3d at 714-715 (internal quotation marks omitted).  "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts

---

[2] "Doc." refers to the docket entry in the district court record in this case.

3

that, if true, would entitle him to relief." *Id.* at 715 n.6. "Moreover, the court should construe a habeas petition filed by a pro se litigant more liberally than one filed by an attorney." *Id.* at 715. "However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).

At the outset, Williams has alleged facts that, if true, would entitle him to relief. Williams contends that he received constitutionally ineffective assistance of counsel because his attorney failed to file a notice of appeal on his behalf despite being requested to do so. The Sixth Amendment guarantees criminal defendants a right to reasonably effective legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000). And in *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for determining whether a defendant received ineffective assistance of counsel. That test requires a defendant seeking relief on the basis of ineffective assistance of counsel to demonstrate "(1) that counsel's performance failed to meet an objective standard of reasonableness, and (2) that the defendant's rights were prejudiced as a result of the attorney's substandard performance." *Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (citation and internal quotation marks omitted).

4

By now, "[i]t is well-settled that a lawyer who disregards instructions from his client to appeal has acted in a manner that is professionally unreasonable." *Id.* at 790 (internal quotation marks omitted).  If an attorney fails to file an appeal that his client wants filed, we presume prejudice. *Id.* at 792.  "Accordingly, to satisfy the prejudice prong of the *Strickland* test, a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Id.*

Here, Williams's § 2255 motion alleged facts that, if true, would have entitled him to relief.  Williams's motion alleges that he instructed his defense counsel to file a direct appeal on his behalf and that his counsel failed to do so.  And although Williams signed a plea agreement with an appeal waiver, he did not waive *all* of his appellate rights; Williams was still permitted to appeal in certain limited circumstances.  As such, the waiver did not relieve counsel of the duty to file an appeal at Williams's request.[3] *See id.* at 793-94.

The government argues, however, that even if Williams had alleged facts sufficient to merit relief, those facts were "based upon unsupported

---

[3] To reiterate, Williams may be entitled to relief under *Strickland* regardless of whether or not he ultimately would have been likely to prevail on his appeal.  Williams can satisfy *Strickland*'s deficient performance prong by demonstrating that his counsel ignored his request to appeal. *Gomez-Diaz*, 433 F.3d at 792.  He can satisfy the prejudice prong by proving that, absent his attorney's deficient performance, he would have appealed. *Id.*  Thus, at this stage, it is not necessary to decide whether his appeal would have had merit or whether it would have fallen within one of the exceptions to his appeal waiver.  Williams need only allege that he had the right to appeal, his counsel disregarded that right, and that he would have appealed absent his counsel's conduct. *See id.*  He has done so.

generalizations," "affirmatively contradicted by the record," or so "patently

frivolous" that an evidentiary hearing was not required. *Winthrop-Redin*, 767 F.3d

at 1216 (internal quotation marks omitted). We disagree. Williams's allegations

were not based upon unsupported generalizations. His § 2255 motion contained a

sworn statement that he asked his counsel to appeal his sentence and his counsel

failed to follow his instructions. Nor was his motion affirmatively contradicted by

the record. Indeed, "[t]his was not a case where the issue[] raised by [Williams's]

motion [was] conclusively determined either by the motion itself or by the 'files

and records' in the trial court. The factual allegations . . . related primarily to

purported occurrences outside the courtroom and upon which the record could,

therefore, cast no real light." *Machibroda v. United States*, 368 U.S. 487, 494-95

(1962).

Williams's allegations were also not patently frivolous. To be sure, there

were plenty of reasons to doubt their veracity. For one, Williams's counsel

submitted an affidavit stating that he had discussed whether to appeal with

Williams and that Williams had elected not to do so. For another, and as the

district court observed, Williams had made several other unrelated claims that were

directly contradicted by the record, raising substantial questions about his

credibility. Finally, at the time when Williams would have filed a notice of appeal,

he was attempting to obtain a reduction in his sentence by cooperating with the

government; filing a notice of appeal may have jeopardized those efforts.

Ultimately, however, none of these concerns renders Williams's allegations patently frivolous.[4]  Although Williams's attorney filed an affidavit stating that Williams decided not to appeal his sentence, Williams himself filed a sworn statement to the contrary, and "we have held that contested fact issues in [§] 2255 cases cannot be resolved on the basis of affidavits." *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).[5]  Additionally, the fact that the record indicates Williams may have been untruthful with respect to his other claims does not render an evidentiary hearing unnecessary.  That Williams may have been untruthful as to other matters does not definitively prove that he was untruthful as to the issue at hand.

And even if appealing may have jeopardized Williams's efforts to obtain a reduced sentence by cooperating with the government, that does not render his ineffective assistance of counsel allegations patently frivolous.  Perhaps Williams believed that an appeal would bear more fruit than his ongoing attempts to

---

[4] The government also notes that Williams did not file his § 2255 motion until a full year after receiving his sentence.  This delay, the government argues, supports the conclusion that Williams never asked his attorney to file a direct appeal because, had he done so, he would have sought § 2255 relief sooner.  But even if evidence of Williams's delay in filing his § 2255 motion implies that he never requested an appeal, it is not so compelling that it renders his allegations to the contrary patently frivolous.

[5] In *Bonner v. City of Prichard*, this Court adopted as binding precedent all decisions that the former Fifth Circuit handed down before the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

cooperate with the government.  Or perhaps Williams believed the government would allow him to continue his cooperation notwithstanding his appeal. Although the fact that Williams was cooperating with authorities before sentencing perhaps suggests the possibility that he may not have been rationally inclined to request an appeal, that conclusion is, at this point based solely on speculation. And because actual proof is not required until the evidentiary hearing, such speculation cannot be a proper basis for the district court to deny him a hearing. *See Aron*, 291 F.3d at 715 n.6.

The district court abused its discretion by denying Williams's § 2255 motion without an evidentiary hearing because his allegations were reasonably specific and supported, not affirmatively contradicted by the record, and not patently frivolous.

**VACATED AND REMANDED.**